UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PRESTON G. DEMOUCHETTE, JR.                    CIVIL ACTION

VERSUS                                         NO. 10-1592

PETER ROBERTSON, ET AL.                        SECTION "R" (1)


## ORDER AND REASONS

Plaintiff, Preston G. Demouchette, Jr., an inmate currently incarcerated in the Louisiana State Penitentiary, in Angola, Louisiana, has submitted an application to proceed in forma pauperis in connection with the above-captioned 42 U.S.C. § 1983 complaint.  Plaintiff alleges breach of contract and tort damages in conjunction with oil leases he allegedly owned. (Rec. Doc. No. 1, Complaint, p. 4).  This is a non-dispositive pretrial matter which was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1E(b)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he

has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff, while incarcerated, has filed at least three civil rights complaints which were dismissed as frivolous, malicious, and/or for failure to state a claim. He has therefore accumulated three "strikes" under the PLRA.  See Preston George Demouchet, Jr. v. Ronald Bonvillian, et al., Civil Action No. 96-CV-7332-B (M.D. La.); Preston George Demouchet, Jr.  v. Bernard E. Boudreaux, et al., Civil Action No. 98-CV-1063 (W.D. La.); Preston George Demouchette, Jr.  v. Richard L. Stalder, et al., Civil Action No. 99-CV-0419 (W.D. La.).[1] Accordingly, plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g).

Plaintiff's claims do not suggest in any way that he is under imminent or immediate danger of serious physical injury. Therefore, plaintiff cannot be allowed to bring this action as a pauper under 28 U.S.C. § 1915.  Accordingly,

---

[1] See also, Preston G. Demouchette, Jr. v. Capt. Hunter, et al., No. 09-0379-JJB-CN (M.D. La.) (denying pauper status based on three strikes pursuant to 28 U.S.C. § 1915(g)).

For all of the foregoing reasons, **IT IS ORDERED** that plaintiff's application to proceed in forma pauperis is **DENIED** pursuant to 28 U.S.C. § 1915.

New Orleans, Louisiana, this <u>3rd</u> day of <u>June</u>, 2010.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE